■ DAVID THOMPSON, Individually and as President of Four Seasons Service Station Corp., et al., Appellants, v PALMANA REALTY CORP. et al., Respondents, et al., Defendants.—In an action, *inter alia,* for declaratory relief and compensatory damages, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Leone, J.), dated July 28, 1988, which denied that branch of their motion, pursuant to CPLR 3001 and 3211 (b), which was for partial summary judgment declaring that the defendants Palmana Realty Corp. and Ditmas Oil Associates, Inc. were distributors within the meaning of General Business Law § 199-a *et seq.,* and granted that branch of the defendants' cross motion, pursuant to CPLR 3212 (b), which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an appropriate judgment upon the order including a provision declaring that the defendants Palmana Realty Corp. and Ditmas Oil Associates, Inc. are not distributors within the meaning of General Business Law § 199-a *et seq.;* with one bill of costs to the defendants Palmana Realty Corp. and Ditmas Oil Associates, Inc.

The plaintiffs, Four Seasons Service Station Corp. and its president, David Thompson, operate a gasoline service station in Staten Island which sells motor fuels to the public. In June 1983 when the plaintiffs commenced their leasehold, the defendant Palmana Realty Corp. (hereinafter Palmana) was their landlord pursuant to a sublease dated June 25, 1979, and Amoco Oil Corporation (hereinafter Amoco) supplied the premises with gasoline and oil products. However, the lease between the plaintiffs and Palmana reserved to Palmana the right to designate and, from time to time, change the designated supplier of fuel to the premises. The defendant Ditmas Oil Associates, Inc. (hereinafter Ditmas), which owned 100% of Palmana, had arranged for Amoco to supply the premises with fuel pursuant to a brokerage agreement with Amoco, for which the latter paid Ditmas a commission. The plaintiffs

operated the premises as an Amoco station from 1983 to 1986 pursuant to a separate franchise agreement between Thompson and Amoco and Amoco sold gasoline and other products directly to Thompson. In March 1986 Palmana designated the defendant Gaseteria Oil Corporation (hereinafter Gaseteria) as the new supplier of fuel to the premises. Thompson then terminated his franchise agreement with Amoco and entered into a new agreement with Gaseteria. Due to an alleged sharp drop-off in gasoline sold and income, the plaintiffs brought this action against the corporate defendants and the defendant Oscar Porcelli, individually and as an officer of the defendant corporations, alleging, *inter alia,* violations of General Business Law § 199-a *et seq.* The Supreme Court denied that branch of the plaintiffs' motion, pursuant to CPLR 3001 and 3211 (b), which was for partial summary judgment declaring that the defendants Ditmas and Palmana were distributors within the meaning of the General Business Law § 199-a *et seq.* and granted that branch of the defendants' cross motion, pursuant to CPLR 3212 (b), which was for summary judgment dismissing the complaint, relying on *Amoco Oil Co. v D.Z. Enters.* (607 F Supp 595).

Initially, we note that the Supreme Court's reliance upon the decision in *Amoco Oil Co. v D.Z. Enters.* (607 F Supp 595, *supra)* was proper, and the plaintiffs' contention that they were "deprived of [an] open-minded evaluation by the state court of the statute's meaning" because of the court's reliance solely on a Federal decision, is unfounded.

In *Amoco Oil Co. v D.Z. Enters.* (607 F Supp 595, 603, *supra),* the court held that where a dealer has a direct contract with a supplier designated by the broker/landlord and the latter receives a commission for each gallon of gas purchased by the dealer, the broker/landlord is not a distributor within the meaning of General Business Law § 199-a *et seq.,* where the broker never takes title, possession, or a bailment of any motor fuel under the stated arrangement. Specifically, it was noted that "[u]nder the common meaning of the terms used by the statute, taking title or possession is a necessary part of being a distributor" *(Amoco Oil Co. v D.Z. Enters., supra,* at 603). Thus, it was concluded that since the broker in that case had not taken title or possession of motor fuels, or even acted as an intermediary in the process of ordering and supplying gasoline, it was not a distributor within the meaning of General Business Law § 199-a (1) *(see, Amoco Oil Co. v D.Z. Enters., supra,* at 603).

It is evident that the case at bar presents an almost identi-

cal scenario to that presented in *Amoco Oil Co. v D.Z. Enters. (supra)*. Here, the plaintiffs had an agreement to purchase a brand of gasoline chosen by Palmana. It was contemplated that Ditmas would be paid a commission by the franchiser, Amoco, but that neither Palmana nor Ditmas would ever take title to or possession of, or make any deliveries of Amoco's motor fuel to the plaintiffs during the plaintiffs' tenancy. Although, as the plaintiffs argue, it appears superficially that Ditmas and Palmana were distributors because they were actively engaged in the sale of motor fuel to the plaintiffs, a closer examination of their roles indicates that is not the case. Pursuant to the parties' agreement, Palmana only had the right to designate the plaintiffs' supplier. Similarly, broker Ditmas only collected commissions on the sale of motor fuels to the service station. Neither Palmana nor Ditmas had the capability of terminating the plaintiffs' franchise with Amoco, and thus could not be held liable under General Business Law § 199-c. That section authorizes an action for damages only for the wrongful termination, cancellation, or refusal to renew a franchise, which actions did not occur in this case.

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendants Palmana and Ditmas *(see, Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901), and we have remitted the matter for the entry of an appropriate judgment. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.